# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Precision Standard, Inc. | )   ASBCA No. 59116 |
| | ) |
| Under Contract No. SPM4A7-08-M-B239 | ) |

APPEARANCE FOR THE APPELLANT:        Nancy M. Camardo, Esq.
                                                    Camardo Law Firm, P.C.
                                                    Auburn, NY

APPEARANCES FOR THE GOVERNMENT:    Daniel K. Poling, Esq.
                                                    DLA Chief Trial Attorney
                                                    Edward R. Murray, Esq.
                                                    Robert E. Sebold, Esq.
                                                    Trial Attorneys
                                                    DLA Aviation
                                                    Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE HARTMAN
## ON APPELLANT'S MOTION FOR RECONSIDERATION

On 14 August 2015, appellant, Precision Standard, Inc. (PSI), filed a timely motion for reconsideration of our 13 July 2015 decision denying its appeal from a termination for default, *Precision Standard, Inc.*, ASBCA No. 59116, 15-1 BCA ¶ 36,040. The government filed a response to PSI's reconsideration motion on 10 September 2015 and PSI submitted a reply to the government's response on 7 October 2015.

In our 13 July 2015 decision, we granted the government's motion for summary judgment because PSI was delinquent in submitting the contract's first article and had provided no evidence of "excusable" delay. With respect to PSI's assertion there was a material question of fact regarding whether it was foreclosed from scheduling the quality assurance representative (QAR) inspection necessary for first article delivery due to problems arising from furlough of government employees, we explained that there was no showing by PSI it ever attempted to schedule a QAR inspection. With respect to PSI's assertion there was another material fact question regarding whether the parties' contract modification provided for a "no-cost" termination, we explained that the language of the contract modification expressly provided, "if the First Article re-submission is not delivered by the date [due]..., this contract may be terminated in its entirety at **no cost to the Government**" (emphasis added), not at no cost to PSI, and that a default termination was "at no cost to the Government." Finally, while PSI

also contended that Federal Acquisition Regulation (FAR) 49.101(b) mandated a no-cost settlement for its contract, instead of a default termination, we explained that even if we were to construe the FAR as did PSI a contracting officer is to consider a no-cost settlement only if certain factors exist and the record in this appeal does not show those factors exist here. *Precision Standard,* 15-1 BCA ¶ 36,040 at 176,029.

In its reconsideration motion, PSI asserts the same legal arguments it previously advanced and adds simply that the Board erred because PSI is not seeking recovery of costs it incurred through a termination for convenience settlement. According to PSI, FAR 52.209-4 provides, "[b]efore first article approval, the costs [of the first article] shall not be allocable to this contract for...termination settlements if the contract is terminated for the convenience of the Government" so a termination for convenience of PSI's contract will result in a contract termination at "no cost" to the government (app. mot. at 5).

PSI, however, misstates the FAR. FAR 52.209-4 (ALT. 1) (JAN 1997) does not state, as PSI asserts that, the costs of a first article shall not be allocable to the contract for purposes of a termination for convenience settlement. Rather, the FAR expressly states "[b]efore first article approval, *the acquisition of materials or components for, or the commencement of production of, the balance of the contract quantity* is at the sole risk of the Contractor" (emphasis added) and "costs thereof shall not be allocable to this contract for (1) progress payments, or (2) termination settlements if the contract is terminated for the convenience of the Government." The FAR provision addresses costs associated with production of the balance of a contract, not costs associated with a contract's first article. *See, e.g., Ralcon, Inc.*, ASBCA No. 38059 *et al.*, 92-2 BCA ¶ 24,971 at 124,440 (progress payments covered about 85% of first article cost prior to first article approval); *KAL M.E.I. Mfg. & Trade, Ltd.*, ASBCA No. 40597, 92-1 BCA ¶ 24,411 at 121,854-55 (costs of special tooling, testing equipment, and testing for first article were recoverable where contract was terminated for convenience prior to first article approval). The language of the FAR therefore does not show any error of law in our prior decision, as PSI contends.

We further note that PSI fails to recognize there are costs at issue other than those incurred directly by it. A convenience termination exposes the government to costs beyond those incurred by PSI. For example, if the government re-procures the part that PSI was to produce from another contractor at a higher cost, the government's excess re-procurement costs cannot be recovered by it if there is a contract termination for convenience. *Compare* FAR 52.249-1, TERMINATION FOR THE CONVENIENCE OF THE GOVERNMENT (FIXED-PRICE) (SHORT FORM) (APR 1984), with FAR 52.249-8(b), DEFAULT (FIXED-PRICE SUPPLY AND SERVICE) (APR 1984). Further, a "no-cost" convenience termination likely would deprive the government of its ability to recover from PSI "costs related to [first article] tests," which are to be borne by the contractor.

2

*See* FAR 52.209-4(c). Thus, the termination for convenience advocated by PSI would not be at "no cost to the government" as the parties' contract modification requires.

A motion for reconsideration is not intended to allow a party to re-argue issues that were previously raised and decided. *Zulco Int'l, Inc.*, ASBCA No. 55441, 08-1 BCA ¶ 33,799. The moving party therefore must show a compelling reason why this Board should alter its decision. *ADT Construction Group, Inc.*, ASBCA No. 55358, 14-1 BCA ¶ 35,508. In determining whether a party has made such a showing, we look to whether there is newly discovered evidence, mistakes in our decision's findings of fact, or errors of law. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125; *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171. PSI has shown no compelling reason why we should alter our prior decision.

## CONCLUSION

We deny appellant's motion for reconsideration.

Dated: 4 November 2015

TERRENCE S. HARTMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 59116, Appeal of Precision Standard, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals